SMITH, Justice
(dissenting).
With great deference, I must dissent. In my humble opinion, the case was well and fairly tried, the evidence was more than ample to support the jury’s verdict, and if there was error in the instructions, it was without substance, and was cured by the other instructions in the case.
Both Daniel and McHale testified that, as Daniel’s automobile overtook McHale's motorcycle, the latter was proceeding straight ahead in the right hand lane of the straight, two-lane paved highway and that McHale gave no left turn signal nor any other indication whatever of an intention to turn left. McHale testified that he so continued, without deviation, until struck from the rear by Daniel’s automobile. Daniel said that, as he began pulling into the left lane to overtake and pass, Mc-Hale, without warning, turned left immediately across his path and that his car struck the left front portion of the motorcycle after it had already begun to cross the center line. Excellent photographs in the record support Daniel’s version and completely refute McHale’s charge that Daniel struck the motorcycle in the rear. The impact, obviously, was slight, as there was little damage of any kind to the motorcycle. What there was consisted of a small dent in the left front of the gas tank and the front portion of the frame was bent slightly to the right. The rear fender, rear wheel and taillight of the motorcycle were not even scratcthed. It is difficult to see how the jury could have reached any conclusion but that McHale’s contention that he was struck in the rear was not correct, and that the collision occurred as stated by Daniel. In returning a verdict for Daniel, this is what they did find.
The case is being reversed because of two instructions said to have been preju-dicially erroneous.
As to the first of these, it is said that the error consists in the fact that it should not have enumerated categorically the conditions which must exist under Mississippi statutory law before one vehicle may overtake and pass another. It is not suggested that there is any inaccuracy in the statement of the law. Moreover, it is undisputed that all of the required conditions did, in fact, exist. The majority says that there “was no reason to confuse the jury” by pointing out the absence of the legal impediments to overtaking and passing. This seems quite an anomalous position, when it is the very absence of these things which entitled Daniel. to overtake and pass McHale. Moreover, the facts were in evidence, both in testimony and in clear photographs of the scene. The essence of the criticism seems to be that the instruction is too accurate and made it too clear that there was no legal impediment to the overtaking and passing of the motorcycle by the automobile.
The latter part of this instruction is also said to be erroneous and prejudicial in that it failed to employ the words of the statute with reference to horn blowing. Aside from the fact that McHale claims never to have turned from a straight path in the right lane before being struck from the rear, and admits having given no signal or other indication that he would turn left, the jury was twice informed in another in *771 struction as to a motorist’s duty with respect to horn blowing, which employed the words of the statute. It does not appear to me that under any version of the facts in the record that “horn blowing” was required under the provisions of the statute nor that blowing the horn when McHale turned left could have changed anything. It is impossible to see any material variance, so far as substance is concerned, in what the instruction as given told the jury and what the majority says it should have told them. I think the substance and sense of the law was stated in familiar and easily understood words, incapable of misleading.
The other instruction, found to be prej-udicially erroneous by the majority, to the effect that one may assume, and act upon the assumption, that another will exercise reasonable care and caution in traveling upon the highways, is criticized because, it is said, it should have gone further and told the jury that the rule is subject to a condition that the right to act upon the assumption continues only so long as there has been no indication that reasonably puts the motorist on notice that the other is not going to exercise reasonable care. I have already attempted to point out that McHale’s version was that he never did depart from a straight course down his right lane and that both McHale and Daniel agreed that McHale never gave a signal or warning of any kind of an intention to turn left. Daniel agrees except that he says, at the last moment, without warning, McHale turned his motorcycle immediately across in front of his automobile, at which moment the collision occurred. There is no factual support or justification for the modification of the instruction upon any theory in evidence that there was some antecedent indication of an intention on the part of McHale to turn left which might have put Daniel on notice. The testimony of both McHale and Daniel was to the contrary.
I am unable to agree that the instructions were prejudicially erroneous, nor can I see how either was capable of misleading the jury, particularly when they are read and considered with the other instructions in the case.
The accident here did not happen on a “country road” but on a straight, modern, paved highway, with a painted center line and with visibility, for all practical purposes, unlimited. There was no other traffic. McHale was not an “unpredictable child” on a bicycle. He was a mature man with many years experience in operating motorcycles on highways. In my humble view, the “country road” and the “child cyclist” cases, cited in the majority opinion, wherein the Court has found that a horn should have been blown, have no relevance or application to any issue in this case.
ETHRIDGE, C. J., GILLESPIE, P. J., and ROBERTSON, JJ., join in this dissent.